UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VIAGRA (SILDENAFIL CITRATE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS. | Case No. 16-md-02691-RS   (SK)<br><br>**ORDER REGARDING ELECTRONICALLY STORED INFORMATION DISCOVERY**<br><br>Regarding Docket No. 99 |

Now before the Court is the dispute between the parties regarding the approach for defendant Pfizer, Inc. ("Pfizer") to search for electronically stored information ("ESI"). Plaintiffs urge the Court to order Pfizer to use technology assisted review ("TAR") and/or predictive coding with Plaintiffs' input to identify the locations of relevant information and the responsive ESI from those locations. Plaintiffs argue that TAR and/or predictive coding is a more sophisticated tool than the traditional search term or search query approach, and that using that suggested approach would save time and money for both sides. Moreover, Plaintiffs want representatives from both parties to participate in process of creating and working with the search process in this iterative process.

Pfizer instead proposes that it use search terms to identify potentially relevant documents. Pfizer describes its preferred methodology an iterative process – albeit not the same iterative process as TAR and/or predictive coding – in which Pfizer tests search terms and validates them using rigorous sampling of potentially responsive documents. Initially, Pfizer tests and validates a number of search terms by applying those terms to a sample set of documents, reviewing the documents for responsiveness, and verifying that the search terms yield high rates of response. In Pfizer's proposed process, the parties then exchange lists of proposed search terms. Pfizer states that it will agree to use any of the proposed search terms that appear on both parties' lists. Pfizer

will then use a sampling of the documents that do not contain the parties' agreed terms to determine the responsiveness rates of the remaining proposed search terms on Plaintiffs' list. In Pfizer's proposed process, the parties then negotiate which additional search terms, if any, Pfizer will agree to use, based upon the previous searches and their results.

As Pfizer points out, Plaintiffs do not cite to any case law in support of their proposal to require Pfizer, over its objection, to use TAR and/or predictive coding. At the hearing on this matter, Plaintiffs conceded that no court has ordered a party to engage in TAR and/or predictive coding over the objection of the party. The few courts that have considered this issue have all declined to compel predictive coding. *See, e.g., Hyles v. New York City*, 2016 WL 4077114, at *2-3 (S.D.N.Y. Aug. 1, 2016); *see also In re Biomet M2a Magnum Hip Implant Prod. Liab. Litig.*, 2013 WL 1729682, at *2-3 (N.D. Ind. Apr. 18, 2013).

As the court reasoned in *Hyles*, the responding party is the one best situated to decide how to search for and produce ESI responsive to discovery requests. *Id.*, 2016 WL 4077114 at *3. The responding party "can use the search method of its choice. If [the propounding party] later demonstrates deficiencies in the . . . production, the [responding party] may have to re-do its search. But that is not a basis for Court intervention at this stage of the case." *Id*. "[I]t is not up to the Court, or the requesting party . . ., to force the . . . responding party to use TAR when it prefers to use keyword searching. While [the propounding party] may well be correct that production using keywords may not be as complete as it would be if TAR were used . . ., the standard is not perfection, or using the "best" tool . . ., but whether the search results are reasonable and proportional. *Id*. (citing Fed. R. Civ. P. 26(g)(1)(B)); *see also In re Biomet M2a Magnum Hip Implant Prod. Liab. Litig.*, 2013 WL 1729682 at *2 (holding that party was not required to conduct TAR after already producing responsive documents, reasoning that the issue before the court was not whether predictive coding was better but whether the responding party satisfied its discovery obligations).

The Court finds *Hyles* well-reasoned. Even if predictive coding were a more efficient and better method, which Pfizer disputes, it is not clear on what basis the Court could compel Pfizer to use a particular form of ESI, especially in the absence of any evidence that Pfizer's preferred

method would produce, or has produced, insufficient discovery responses.  Therefore, the Court HEREBY DENIES Plaintiff's motion.  The parties shall use Pfizer's proposed language in paragraph 6 of the stipulated order.  This Order is without prejudice to revisiting this issue if Plaintiff contends that Pfizer's actual production is deficient.

**IT IS SO ORDERED**.

Dated:  October 14, 2016

_____
SALLIE KIM
United States Magistrate Judge