Ernest Cory *(Admitted Pro Hac Vice)*
Alabama Bar No.: asb-2279-y83e
CORY WATSON, P.C.
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
Email: ecory@corywatson.com

*Lead Counsel for Plaintiffs*

Joseph G. Petrosinelli *(Admitted Pro Hac Vice)*
District of Columbia Bar No.: 434280
WILLIAMS AND CONNOLLY LLP
725 12th Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jpetrosinelli@wc.com

*Lead Counsel for Defendant, Pfizer Inc.*

Michael X. Imbroscio *(Admitted Pro Hac Vice)*
District of Columbia Bar No.: 445474
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Avenue, NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-6000
Email: mimbroscio@cov.com

*Lead Counsel for Defendant, Eli Lilly and Company*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| **In re:** | **Master File No.: 3:16-md-02691-RS** |
| **VIAGRA (SILDENAFIL CITRATE) AND CIALIS (TADALAFIL) PRODUCTS LIABILITY LITIGATION** | **ORDER GRANTING SUMMARY JUDGMENT AND ENTERING FINAL JUDGMENT IN FAVOR OF DEFENDANTS** |
| This Document Relates to: ALL ACTIONS | |

1

Having reviewed the parties Joint Statement Regarding *Daubert* Order and Summary Judgment ("Joint Statement"), the Court hereby finds and orders as follows:

1.  On January 13, 2020, the Court entered an Order Granting in Part and Denying in Part Motions to Exclude Expert Testimony [DE 1012] ("Daubert Order").  In the Daubert Order, the Court granted in part the *Daubert* motions of Defendants Pfizer Inc. and Eli Lilly and Company, excluding the general causation opinions of Plaintiffs' experts.  Daubert Order at 21.

2.  In light of the Daubert Order, the parties agree, and the Court finds, that Defendants are entitled to and hereby are granted summary judgment in their favor as to all of Plaintiffs' claims.  *See Nelson v. Matrixx Initiatives, Inc.*, 592 F. Appx. 591, 592 (9th Cir. 2015) ("General and specific causation" "must be proven within a reasonable medical probability based upon competent expert testimony."); *Cox v. Depuy Motech, Inc.*, 2000 WL 1160486, at *7 (S.D. Cal. March 29, 2000) ("Because plaintiff does not have an expert who can establish medical causation, an essential element of a products liability claim, plaintiff cannot withstand defendant's motion for summary judgment on the issue of causation."); *see also In re Zoloft Prods. Liab. Litig.*, 858 F.3d 787, 800 (3d Cir. 2017) (affirming exclusion of general causation expert and entry of summary judgment).

3.  Nothing in this Order shall be construed as a waiver of Plaintiffs' or Defendants' appellate rights regarding the Daubert Order, and nothing in the Joint Statement should be construed as a waiver of any argument that the Plaintiff may have on appeal or in any further proceeding in this matter.

IT IS SO ORDERED.

Dated:  April 8, 2020

_____
HONORABLE  RICHARD  SEEBORG
UNITED STATES DISTRICT JUDGE

PROPOSED ORDER GRANTING SUMMARY JUDGMENT AND ENTERING FINAL JUDGMENT
CASE NO. 16-md-02691-RS